JOHN W. O'CONNELL, Respondent, v. THEODORE NICOLSON et al., Appellants.

### St. Louis Court of Appeals, December 8, 1896.

1. **Account**: ADMISSIBILITY OF ORAL EVIDENCE OF WRITTEN BILL. In a suit on an open account, the amount stated in the bill, and the statement contained in it that it was rendered on a certain account, were both contents of a written instrument, and it was error to admit oral evidence of its contents, over defendant's objection, where the absence of the instrument was not satisfactorily accounted for.

2. ———: CONTRACTORS, EFFECT OF ORDER OF, DRAWN UPON OWNER. In such action, where it appeared defendants were contractors, and that whatever order they gave to plaintiff was drawn upon the owner, such order standing alone, even if it had been admissible in evidence, did not necessarily admit any liability on the part of defendants.

*Appeal from the St. Louis City Circuit Court.*—HON. THOMAS A. RUSSELL, Judge.

REVERSED AND REMANDED.

*H. A. Loevy* for appellants.

The court erred in admitting incompetent evidence. *Ebersole* case, 102 Mo. 503.

Parol evidence to prove contents of papers, referred to by witnesses, was incompetent, their absence not being satisfactorily accounted for, and no notice given to produce. *Id.*

VOL. 67 app—42

*T. J. Rowe* for respondent.

The judgment should be affirmed, appellants having failed to make out and furnish the court with a clear and concise statement of the case. R. S. 1889, sec. 2301; *Coleman v. Farrar*, 14 S. W. Rep. 825; *Disse v. Frank*, 52 Mo. 551; *Isaac v. The B. V. L. Co.*, 47 Mo. App. 30; *Ebersole v. Rankin*, 13 S. W. Rep. 756.

Respondent made a *prima facie* case, and there is evidence to sustain it. He is therefore entitled to an affirmance. *Overbeck v. Hayden*, 67 Mo. App. 249.

ROMBAUER, P. J.—The errors assigned on this appeal are that the court admitted incompetent evidence, and that the verdict is against the evidence and is excessive. They arise upon the following record. The plaintiff who is a master painter, sued the defendants upon an open account for the reasonable value of certain painting and glazing furnished by him. The account contained debit items amounting in the aggregate to $1,123.65, and credit items amounting in the aggregate to $740.65, and the plaintiff claimed judgment for the balance of $383. The defendants' answer is a general denial. The cause was tried by the court without a jury. The plaintiff attempted to make out his case by showing that he presented the account to one of the defendant partners, and received from him an order upon a third person for the balance now claimed to be due. In course of the plaintiff's examination in chief as a witness in his own behalf, the following transpired: "Did you ever present to them (the defendants) a bill for this work?" "Yes." "What was the amount of the bill." This question was objected to by counsel for defendants as calling for the contents of a written instrument. The objection was overruled and the witness answered, "I presented

a bill to Nicolson Brothers for a balance on contract $383." The question and answer were duly objected to and exceptions saved at the time.

That this ruling was erroneous admits of no doubt, and in fact it is not sought to be defended in this court. It goes without saying that the amount stated in a written bill and the statement contained in it that it was rendered on a certain account, are both contents of a written instrument and can not be established by oral evidence, against the objections of the adverse party, unless the absence of the instrument is satisfactorily accounted for. No such preliminary proof was made in the case at bar.

The court repeated the same error when the plaintiff and one of the defendants were examined on behalf of plaintiff as to the contents of the order which the plaintiff received from the defendants in payment of his work. Rejecting the evidence thus erroneously admitted, and there is absolutely no evidence whatever which would support a judgment for a definite amount, unless it be the admission of one of the defendants that a balance of $109.35 was clearly due to the plaintiff. It furthermore appeared that the defendants were contractors, and that whatever order they gave to the plaintiff was drawn upon the owner. So that the order standing alone, even if it would have been admissible in evidence, did not necessarily admit any liability on part of defendant.

We are loth to reverse a judgment when we have reason to believe that in all probability a retrial of the cause will lead to the same result, but we are not authorized to affirm a judgment not supported by legal evidence, when it is challenged on that ground.

Judgment reversed and cause remanded. All concur.